UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

UNITED STATES FIDELITY AND GUARANTY
COMPANY,

                Plaintiff,

  -against-                                        06 Civ. 15537 (CLB)(GAY)

ERIC APPELBAUM, et al,

                Defendant.

----------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

    The Court has received a letter dated May 10, 2007 from defendant Eric Appelbaum enclosing a copy of the summons and complaint in this action. Defendant Appelbaum states that the summons and complaint was personally served upon him after the 120 day time limit from the filing of the complaint provided by Rule 4(m) of the Federal Rules of Civil Procedure. Defendant contends that no good cause can be shown for failure of the plaintiff to serve him within the 120 day time period.

    Plaintiff United States Fidelity and Guaranty Company responded to the application of the defendant Appelbaum in a letter dated May 15, 2007. Plaintiff requests the Court to extend the time for it to effect service on defendant Appelbaum. Plaintiff attaches as an exhibit an affidavit of service showing that defendant Appelbaum was served personally with the summons and complaint on April 30, 2007, 122 days after the filing of the complaint. Thus, the complaint was filed two (2) days beyond the said 120 day time limit for service.

    Plaintiff states that they have been searching for defendant Applebaum in connection

connection with a $1.2 million judgment for restitution and fines against him involving employees' pension funds. Plaintiff further states that defendant's whereabouts could not be immediately ascertained; and that it took an extended period of time to locate Appelbaum after he moved out-of-state. Plaintiff also asserts that Appelbaum would not be prejudiced by the requested two (2) day extension of the aforesaid 120 day time period.

Rule 4(m) provides in part that the Court may extend the time for service of the summons and complaint for good cause shown. Factors considered by courts include (1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to the defendant from the delay. Nat'l Union Fire Ins. Co. V. Barney Assoc., 130 F.R.D. 291, 293 (S.D.N.Y. 1990). See also Romandette v. Wheetabix Co., 807 F.2d 309, 312 ("dismissal is a harsh remedy to be utilized only in extreme situations"). Here, the Court concludes that plaintiff has shown good cause for the requested two (2) day extension of the time for service. Moreover, it is clear that no prejudice to the defendant Applebaum will occur because of the two (2) day delay in effecting service.

Accordingly, the application of the plaintiff to extend the time for service up to and including April 30, 2007 is hereby granted. Defendant Applebaum shall have thirty (30) days from the date of this Memorandum Decision and Order to serve and file his answer or other response to the complaint.

SO ORDERED:

Dated: May 18, 2007
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

2