```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
UNITED STATES FIDELITY AND GUARANTY
COMPANY and FIDELITY AND GUARANTY
INSURANCE COMPANY,

                Plaintiffs,
                                        06 Civ. 15537(WGY)(GAY)
        -against-
                                                ORDER
ERIC APPELBAUM and THOMAS DAMIANI,

                Defendants.
------------------------------------------
```

**William G. Young, United States District Judge.**[1]

After careful review, this Court hereby adopts the findings and conclusions set forth in the Report and Recommendation ("the Report") [Doc. 35], with two exceptions.

1. **The AFC Project**

The Report recommends that summary judgment should be granted as to liability on all the bonds and projects which are the subject of the litigation, with the exception of one, the "AFC Project". Report at 15.

United States Fidelity and Guaranty Company ("USF&G") and Fidelity and Guaranty Insurance Company ("FGIC") make a claim for breach of contract with respect to a Master Surety Agreement (the "Surety Agreement") dated March 14, 1996, which was entered into by, inter alia, Eric Appelbaum ("Appelbaum") and Thomas Damiani ("Damiani"). USF&G and FGIC claim that "in specific reliance upon the execution of [the Surety Agreement] by the defendants, the Sureties . . . executed various performance and payment bonds

---

[1] Of the District of Massachusetts, sitting by designation.

on behalf of Warde [Warde Electric Contracting, Inc., a company with which Appelbaum and Damiani were associated] as principal." See Affidavit of Barbara Nimmich [Doc. 23] at ¶ 7.  One of the bonds listed by USF&G and FGIC is "Bond No.: 53012030245983 (performance and payment)" for "Contract A-33715 - AFC Power Upgrade (the "AFC Project")".  Id.

Appelbaum states that "[the AFC Project] was specifically undertaken by Warde as a completion contractor for the Sureties and as such no bond was ever obtained by Warde for this project or issued by the Sureties on behalf of Warde.".  See Affidavit in Opposition to Motion for Summary Judgment [Doc. 28] at ¶ 8.

However, the Certification of Timothy G. Snyder attaches a copy of a bond (the "AFC Bond").  [Doc. 34] at Ex. A.  The document, entitled "Form of Payment Bond [-] Completion Agreement A-33715 [-] Bond No. 53 0120 30245 9B 3"[2] has been signed by the President of Warde (it appears to be the signature of McCoy Glover, who was also a signatory to the Surety Agreement).  The Surety Agreement provides that "This AGREEMENT binds UNDERSIGNED....,jointly and severally, to SURETY in connection with all BOND(S) heretofore or hereafter executed, provided or procured by SURETY in behalf of PRINCIPAL in any penal sum and in favor of any obligee(s)".  See Affidavit of Barbara Nimmich [Doc. 23] at Ex. A, Cl. 1(A).  "Principal" is defined as "one or more UNDERSIGNED...who, alone or with other PERSON(S), have secured,

---

[2] The second to last digit is "B" rather than "8" as in Doc. 23 (see above) and Doc. 34 ¶ 2.  The "8", where it is used, appears to be a typographical error.

or may secure the performance and fulfillment of obligations by BOND(S)...,executed, provided, or procured by SURETY". Id. at 1. Thus, Appelbaum and Damiani would be bound by the AFC Bond, signed by McCoy Glover.

USF&G and FGIC state that the "'AFC Project' and the project designated 'A-33715' are, in fact, the same project." See Plaintiffs' Objections to the Report and Recommendation of Magistrate Yanthis dated February 25, 2009 [Doc. 40] at 2. They also state that "the bond annexed as Exhibit A to the Snyder Cert. is clearly the AFC Bond, as it was issued in reference to the project designated 'A-33715', the same numerical designation as the AFC Project set forth in the Snyder Cert.". Id.

Appelbaum does not address the issue of the AFC Bond in his responses to the Report. See Objections to Report-Recommendation of George A. Yanthis, U.S.M.J [Doc. 39] and Response to Sureties' Response to Defendant Appelbaum's Objections to Report and Recommendation of George A. Yanthis, U.S.M.J. Pursuant to Rule 72 (b) Fed.R.Civ.P. [Doc. 42].

Although the summary judgment standard requires a liberal interpretation of the evidence and the drawing of all inferences in favor of Appelbaum and Damiani (the nonmoving parties), it appears that USF&G and FGIC have met their burden of showing Appelbaum and Damiani's liability in respect of the AFC Bond. USF&G and FGIC have provided evidence of the bond in question and Appelbaum and Damiani have failed to provide any evidence to rebut the existence or legitimacy of the bond, save for the

denial outlined above.  <u>See</u> Affidavit in Opposition to Motion for Summary Judgment [Doc. 28] at ¶ 8.  Therefore summary judgment on liability in respect of the AFC Project should be GRANTED to USF&G and FGIC.

2. **Damages**

The Court makes one amendment to the Report's recommendation that "[USF&G and FGIC] should be required to prove their damages at trial with competent proof."  Report at 15.

The Surety Agreement binds the parties.  Its indemnity provision states that "UNDERSIGNED shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT".  [Doc. 23] at Ex. A, Cl. III(A).

The Surety Agreement goes on to provide that: "[t]he liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that: (1) SURETY was or might be liable therefor; (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lessen SURETY'S liability or alleged liability".  <u>Id.</u> at Ex. A, Clause IV(A).

4

In addition, the Surety Agreement states that "the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of UNDERSIGNED to SURETY." Id. at Ex. A, Clause IV(C). A reading of the Surety Agreement suggests that Clause IV(C)'s prima facie evidence requirement refers only to the payments described in Clause IV(A), rather than to the full indemnity provision set out at Clause III(A).

The Court holds that Clause IV(C) of the Surety Agreement shall govern the liability of Appelbaum and Damiani. Therefore, FG&C and FGIC need to provide the evidence required by Clause IV(C) as prima facie proof of payments made pursuant to Clause IV(A) and must prove their damages at trial with respect to all other payments (such as attorneys' fees, costs, interest etc.).

SO ORDERED.

                                                 /s/ William G. Young
                                               William G. Young
                                               United States District Judge

Dated:
July 30, 2009